ANTONIO ROIG SUCESORES, *S. en C.*, Petitioner, *v.* DISTRICT OF HUMACAO, Respondent; ENRIQUE RÍOS, Intervener.

No. 1644.    Argued June 17, 1946.—Decided July 22, 1946.

*Francisco González, Jr.,* for petitioner. *A. Figueroa Rosario* for intervener, plaintiff in the main action.

Mr. Justice De Jesús delivered the opinion of the court.

On November 20, 1945, Enrique Ríos filed a complaint in the Municipal Court of Yabucoa against Antonio Roig Sucrs., *S. en C.,* for the recovery of wages. He alleged as a cause of action that he worked for the defendant as a cattle tender from January 1, 1936, until December 31, 1942, at a weekly salary of $9 from 1936 to 1941, inclusive, and of $10 during 1942; that during the time of his employment he worked more than nine hours daily and the defendant did not pay him the salary corresponding to the ninth hour, which amounted to $314.14. The defendant accepted that the plaintiff was its employee at the time and for the wages alleged, but that the contract of work was for eight hours daily and that the defendant had paid him the wage contracted for and, therefore, owed him nothing. As a special defense it alleged that the plaintiff had filed in the same municipal court, on May 15, 1944, civil action No. R–9 against defendant, claiming the payment of extra hours which he alleged to have worked from January 1, 1941, January 31, 1943, and that since this action was pending between the same parties, the civil action now brought by the plaintiff is barred by the former action: (*a*) because the wages claimed in the former action are comprised in this action, and (*b*) because assuming that they were not, when plaintiff set up the former cause of action he could have filed the one which he has now filed, but failed to do so, unduly splitting his cause of action, and that this operates as an estoppel to the present claim.

The defendant further alleged that the complaint does not set up facts sufficient to constitute a cause of action.

The Municipal Court of Yabucoa rendered judgment for plaintiff for $314.14, which is the amount claimed, and at a trial *de novo* in the District Court of Humacao judgment was rendered for the same amount.

Since the judgment is not appealable, the defendant, on April 22, last, filed the present certiorari petition under § 12 of Act No. 10 of 1917 (vol. II, p. 216), as amended by Act No. 17 of April 11, 1945 (Laws of 1945, p. 44) which reads thus:

"In no case of claim for farm wages shall more than one appeal be allowed.

"The Supreme Court may, in its discretion and through certiorari proceedings, review the judgments rendered on appeal by a district court in all cases in which such judgments are not appealable to the said Supreme Court, including those cases relative to claims for farm wages."

Petitioner bases its petition on the following grounds: (a) that the judgment is not supported by the evidence; (b) that the respondent court, pursuant to our holding in *Avellanet* v. *Porto Rican Express Co.*, 64 P.R.R. 660, erred in dismissing the plea of unduly splitting a cause of action; and (c) that in the event that said defense should not succeed, it should be held that the court erred in granting, for the period covered between January 1, 1941, and January 31, 1943, an amount greater than $67, which was the amount claimed in the former action above referred to.

■ Under the certiorari provided by the Section which we copied above. this court has no jurisdiction to pass upon conclusions of fact reached by the lower court and, therefore, its duty is limited to determine whether or not there is any evidence to support the judgment. In this case, although the statements of Enrique Ríos and of his witness Narciso Vázquez, are not entirely satisfactory, which may be due, to a certain extent, to their ignorance, yet their testimony supports the judgment granting the claim.

██ The former claim for $67, filed in the Municipal Court of Yabucoa, as testified by plaintiff himself was a dead case, that is, an abandoned case. That this is so is proven by the fact that, although said complaint was filed on May 15, 1944, upon filing this suit on November 20, 1945, nothing had been done in the previous case, although the proceeding involved was the speedy remedy provided by Act No. 10 of 1917.

Since in the former case no judgment was rendered, the plea of *res judicata* cannot be successfully set up, and therefore the doctrine of splitting a cause of action established in the *Avellanet* case, *supra,* is not applicable.

██ Petitioner's contention set forth under letter (*c*) does not merit serious consideration. It will suffice to say that, since the defendant was not induced to change its position because of the fact that the former claim was for $67 for the extra hours comprised in the period referred to in the complaint, the plaintiff is not barred from claiming a larger sum that the one alleged in the former complaint.

For the foregoing reasons the writ issued must be quashed.

Mr. Chief Justice Travieso did not participate herein.